**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Maritza Flores Alvarado, Appellant,

In re:

U.S. Bank National Association, As Trustee For Securitized Asset Backed Receivables LLC Trust 2006-NC1, Mortgage Pass-Through Certificates, Series 2006-NC1, Plaintiff,

v.

Aaron C. Wurdemann and Heather J. Wurdemann, Respondents.

Appellate Case No. 2023-000390

———————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-348
Submitted June 1, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Appellant.

Aaron C. Wurdemann and Heather J. Wurdemann, pro se.

———————

**PER CURIAM:**  Martiza Flores Alvarado appeals the master-in-equity's order disbursing $50,539.05 in surplus funds to Aaron C. Wurdemann and Heather J. Wurdemann (collectively, Respondents) resulting from a foreclosure sale of mortgaged real property in Catawba, South Carolina (the Property).  On appeal, Alvarado argues the master erred in interpreting Rule 71(c) of the South Carolina Rules of Civil Procedure and by failing to protect the interests of Alvarado, who was an equitable owner or assignee of the Property owner—Robinhood Investments, LLC (Robinhood)—in favor of Respondents, who had no interest in the Property at the time of the foreclosure sale.  We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not err in determining Respondents were entitled to the surplus funds because Alvarado was not a party to the foreclosure action and was not a mortgagor or lienor; therefore, she was not entitled to file a claim for the surplus funds under Rule 71(c).  *See Charleston Elec. Servs., Inc. v. Rahall*, 427 S.C. 317, 322, 831 S.E.2d 122, 124 (Ct. App. 2019) ("In an action in equity, tried by a master without a jury, an appellate court may view the evidence to determine facts in accordance with its own view of the preponderance of the evidence."); *id.* ("This broad scope of review does not require the appellate court to disregard the findings of the master, who saw and heard the witnesses and was in a better position to evaluate their credibility."); *Maxwell v. Genez*, 356 S.C. 617, 620, 591 S.E.2d 26, 27 (2003) ("In interpreting the meaning of the South Carolina Rules of Civil Procedure, the [c]ourt applies the same rules of construction used to interpret statutes."); *id.* ("If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced."); Rule 71(c), SCRCP ("Any party to the action, or any person who had a lien on the mortgaged premises at the time of the sale, upon filing with the master or other officer conducting the sale a claim of entitlement to the surplus fund, may have a hearing to determine such entitlement.").  Even assuming Robinhood was entitled to file a surplus funds claim, Robinhood did not transfer any interest in the surplus funds to Alvarado because it was still the Property owner and Alvarado possessed only a lease with an unexercised option to purchase, which did not transfer any surplus funds rights to Alvarado, who remained in a landlord and tenant relationship with Robinhood.  Although an assignee to a mortgage would be entitled to file a claim for surplus funds, neither Robinhood nor Alvarado was an assignee because Respondents never transferred control of the mortgage and

remained responsible for it.  *See Moore v. Maes*, 214 S.C. 274, 282, 52 S.E.2d 204, 208 (1949) ("Where the option to purchase *is duly exercised* by an election to purchase, the relation of landlord and tenant ceases and that of vendor and purchaser is created." (emphasis added)); *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 623-24, 731 S.E.2d 547, 549 (2012) (determining an *assignee* to a mortgage was entitled to file a claim for surplus funds under Rule 71(c)); *Moore v. Weinberg*, 373 S.C. 209, 219, 644 S.E.2d 740, 745 (Ct. App. 2007) ("Three elements constitute an assignment: (1) an assignor; (2) an assignee; and (3) transfer of control of the thing assigned from the assignor to the assignee."), *aff'd*, 383 S.C. 583, 681 S.E.2d 875 (2009).  Furthermore, because Alvarado's claim to the surplus funds was not valid, the master was required to disburse the surplus funds to the mortgagor or lienor, and Respondents were the only party with a mortgage or lien on the Property.  *See* Rule 71(c), SCRCP ("In the event no claims are filed against the surplus funds, the fund shall be paid over to the mortgagor or lienor entitled to the fund.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.